UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI'S LOUNGE, INC. d/b/a
TERRI'S LOUNGE,

       Plaintiff,

                                              Civil No. 05-74266
                                              Hon. John Feikens

       v.

ESSEX INSURANCE CO.,

       Defendant.

_____/

**OPINION AND ORDER FINDING JURISDICTION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Previously, I asked the parties to brief whether Al Bourdeau Insurance Service, Inc. (Bourdeau) is an indispensable party. Since that time, Defendant moved for Summary Judgment. For the reasons below, I find that Bourdeau is not an indispensable party, and therefore I have jurisdiction. On the dispositive motion, both sides concede that the policy did not cover the incident, and hence, the insurance company was justified in finding there was no duty to defend. Thus, the liability question turns on a narrow question: was notice of the lack of coverage given in sufficient time to prevent prejudice to Plaintiff? I find Plaintiff's factual stipulations as to notice mean that as a matter of Michigan law, the answer to that question is yes,[1] and thus I

---

[1] The Sixth Circuit has a general rule that "some discovery must be afforded the non-movant before summary judgment in granted." White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231 (6th Cir. 1994). In this case, however, the facts conceded by the parties are alone enough to decide this question and hence the case as a matter of law, and therefore, summary judgment is appropriate at this time. See Detroit Int'l Bridge Co. v. Canadian Pac. Ry., Ltd., 2004 U.S. Dist. LEXIS 17844, 2004 WL 2005614 (E.D. Mich., Sept. 3, 2004), aff'd on

GRANT Defendant's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

My Opinion and Order of December 22, 2005 in this case gave a procedural history of this case in the state courts through its removal to federal court, as well as those facts applicable to the indispensable party issue, and I will not repeat those facts here.  2005 U.S. Dist. LEXIS 40322; 2005 WL 3801467.  The additional relevant facts for the purpose of the summary judgment motion regard the communications between Plaintiff and Defendant about the policy coverage or lack thereof.

Plaintiff argues that the reason it did not respond to Theriault's dram shop lawsuit is that Defendant Essex did not give it timely notice that Defendant would not defend the claim.  The Complaint has two counts: (1) a breach of contract claim, alleging that in violation of the insurance policy, Defendant Essex did not defend it before it made the coverage determination; and (2) a count of negligence, alleging a failure to notify Plaintiff of a lack of coverage, both of which injured Plaintiff by resulting in a default judgment.

Both parties agree on a number of facts.  First, both agree that Terri's properly notified Essex of the letter it received indicating Theriault's intent to sue.  (Def.'s Br. 1, Pl.'s Reply Br. 1.)  Both parties also agree that in response to that notification, Essex sent by certified mail to both Terri's and the Al Bourdeau Ins. Service, Inc., and Terri's received, a letter dated December 23, 2004.  (Def's Br. Exh. E; Pl.'s Br. 1.)  That letter warned of the likelihood that the policy did not cover the incident.  <u>See</u>, <u>e.g.</u>, Def.'s Exh. E at 4 ("It is likely that this claim arose from some

---

other grounds by 153 Fed. Appx. 948, 2005 Fed. App. 0822N (6th Cir. Oct 6, 2005).

sort of assault and/or battery" following a description of an exclusion for those claims.)  The letter closed: "Essex Insurance Company will proceed to investigate this matter and take whatever other steps are necessary to protect our mutual interests with the understanding that we do so under a complete reservation of rights of all parties under the policy." Id. at 6.  On January 3, 2005, Theriault filed suit, and Essex received a faxed copy of that Complaint on January 6, 2005.  (Compl. ¶ 8; Def.'s Br. on Joinder, 2.)

The parties disagree about the next alleged communication.  Defendant Essex contends that it sent (by regular mail) a letter to Plaintiff on January 7, 2005 to the same address for Plaintiff to which the previous letter had been sent.  (Def.'s Br. 2.)  That letter recommends that Plaintiff contact an attorney to file an answer to the suit on its behalf, because Defendant Essex did not believe coverage existed.  (Def.'s Exh. F.)  The letter noted that the investigation into coverage was not complete, but that if coverage were deemed to exist, "any reasonable incurred legal expenses will be reimbursed." Id.   Plaintiff Terri's contends that it never received this letter.  (Pl.'s Br. 3.)

The parties agree about the next communication regarding coverage.  On January 27, 2005, by certified mail, Defendant Essex sent a letter to both Plaintiff and the Bourdeau Insurance Service informing Plaintiff that there was no coverage afforded under the policy and advising Plaintiff Terri's to retain counsel to respond to the suit, warning that a failure to do so could result in a judgment against Plaintiff.  (Def.'s Br. 2.)  On January 31, 2005, a default was entered by the state court clerk.  (Compl. ¶ 11.)  Plaintiff admits it received the January 27 letter denying coverage two days later, on February 2, 2005.  (Pl.'s Br. at 3.)

Theriault moved for a default judgment on February 14, 2005, and the state court entered

a default judgment at that time. (Compl. ¶ 13.) Plaintiff alleges it attempted to have that motion set aside (though it does not say when it made that attempt), but the state court denied that motion on March 14, 2005. (Compl. ¶ 14.)

**ANALYSIS**

**A. Bourdeau as Indispensable Party**

Rule 19(a) is disjunctive; a party is necessary if either (1) without the party, complete relief cannot be obtained between the defendants and the plaintiffs; (2) disposition of the case would impede or impair the third party's ability to protect its interests; or (3) the defendants would be subject to multiple or inconsistent obligations if the third party was not joined. Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005).

In this case, complete relief for the claim between Plaintiff and Defendant can be obtained without Bourdeau. Bourdeau, as an independent insurance agent, had no duty to advise Plaintiff regarding coverage, to perform claim investigations, or pay claims. Harts v. Farmers Ins. Exchange, 461 Mich. 1, 4 (1999) (agent has no duty to advise regarding coverage); Hoye v. Westfield Ins. Co.,194 Mich. App. 696 (1992) (it is beyond the scope of agency to investigate or pay claims). The only possible duty might be to notify Essex of the claims, and Essex concedes that Bourdeau did so in a timely fashion. (Def's Br., 9.) Therefore, complete relief can be accorded between the parties without joining Bourdeau.

Disposition of the case will not impede or impair Bourdeau's ability to protect its interests. Defendant concedes that Bourdeau notified it of the claim in a timely manner and "had no other responsibility with respect to the claim." (Def's Br., 9.) Given these concessions, I can think of no claim Essex could make involving Bourdeau that would lessen its liability, and

Plaintiff does not suggest one.  In addition, any liability that Bourdeau may have to Plaintiff has already been assigned to Theriault and is proceeding in state court.  Thus, although Plaintiff raises the issue of "factual whipsaw,"[2] whereby Defendant could argue Bourdeau was liable in Bourdeau's absence and vice versa, here, Defendant has conceded facts that bar any allegations that Bourdeau was at fault, thus avoiding the whipsaw effect.

Finally, Defendant Essex would not be subject to multiple or inconsistent obligations if Bourdeau was not joined.  Even if Bourdeau loses in state court, Bourdeau cannot make claims against Essex, because its cross-claim against Essex, which in substance addressed all potential actions it could bring, was dismissed with prejudice.  (Exhibit I to Essex' Supplemental Br., Order Dismissing Cross-Claim Against Essex Ins. Co., Case No. 05-81385, Genesee Circuit Court, Sept. 21, 2005.)  Therefore, I find that Bourdeau does not need to be joined as an indispensable party, and thus, my diversity jurisdiction is undisturbed.

**B.  Summary Judgment Standard**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material only if it might affect the outcome of the case under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court must view the evidence and any inferences drawn from the evidence in a light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587(1986) (citations omitted); Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The

---

[2] See Shlumberger Indust., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274 (4th Cir. 1994.)

burden on the moving party is satisfied where there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The trial court has some discretion to determine whether the respondent's claim is plausible. Betkerur v Aultman Hosp. Ass'n, 78 F.3d 1079, 1087-88 (6th Cir. 1996). See also, Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

**C. Whether Notice Was Insufficient and Prejudicial to Plaintiff**

The fact that Plaintiff concedes it received a clear denial of coverage on February 2, 2005 prevents it from stating a claim under Michigan law. The Supreme Court of Michigan holds that a party is not prejudiced by late notice if "the notice was given in time to have the default judgment set aside with relative ease." Koski v. Allstate Ins. Co., 456 Mich. 439, 447 (Mich. 1998) (citing Wendel v. Swanberg, 384 Mich. 468 (Mich. 1971)). That period of "relative ease" is the time after the default is entered by the clerk, but before the default judgment is entered by the court. Id. By Plaintiff's own admission, it received a letter informing it that it should seek its own counsel or risk a default judgment on February 2, 2005, and the court did not enter the default judgment until February 14, 2005. Thus, Plaintiff had 12 days after receiving the notice to have the clerk's default set aside with "relative ease."

Therefore as a matter of Michigan law, even if Plaintiff did not receive notice that it should seek its own counsel until February 2, 2005, Plaintiff was not prejudiced because the court had not yet entered the default judgment in the case. Since as a matter of law the notice did not prejudice Plaintiff, it cannot show injury resulting from the alleged breach of contract or alleged negligence. For this reason, I GRANT Defendant's Motion for Summary Judgment as to all counts in the Complaint.

**CONCLUSION**

Bourdeau is not an indispensable party, which leaves my diversity jurisdiction over this case undisturbed. I GRANT Defendant's Motion for Summary Judgment on all claims, because Plaintiff stipulated that it received notice before the entry of the default judgment by the state court, and as a matter of Michigan law, that notice was therefore given in time to prevent prejudice or injury.

**IT IS SO ORDERED.**

Date:  April 3, 2006                                 s/John Feikens
                                                     United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on April 3, 2006, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager